IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS ORLANDO HARMON, #543208, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0722 |
| ) | |
| MARY KATHARINE WHITE, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Louis Orlando Harmon, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a *pro se* complaint against defendant Mary Katharine White. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I.  Standard of Review

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### II. Factual Allegations

The complaint alleges only that the defendant, Mary Katharine White, "falsely accused" the plaintiff of committing a theft from Academy Sports stores in Mobile, Alabama; Gulfport, Mississippi; the state of Oklahoma; and Hammond, Louisiana. (ECF No. 1, at 1–2.) The plaintiff asserts that the defendant's "false accusations ruined Mr. Harmon's perception regarding U.S. Judicial Systems" and that he suffers from "severe paranoia" as a result of the defendant's accusations. (*Id.* at 2.) The plaintiff seeks compensatory damages for pain and suffering and "an absolute cap of $250,000 on non-economic damages." (*Id.*)

**III.     Discussion**

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases that are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). The plaintiff here does not identify the basis for the Court's jurisdiction, nor does he identify the defendant. The Court nonetheless takes judicial notice that defendant Mary Katharine White is an assistant district attorney for the 21st Judicial District of Tennessee, and further takes notice that the plaintiff identified White in the Notice of Appeal he filed on April 10, 2015 as the prosecuting attorney in his underlying state criminal proceedings. *See* Tennessee Courts Appellate Case Search website, Notice of Appeal, located at http://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=63145&Party=True (last accessed August 11, 2015).

The Court therefore presumes that the plaintiff intended to bring suit against defendant White under 42 U.S.C. § 1983 for prosecutorial misconduct or malicious prosecution. A state prosecutor, however, is entitled to absolute immunity from liability under § 1983 for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). *See also Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (citing *Imbler*). In this case, the plaintiff's allegations clearly concern the presentation and prosecution of the case against him in the Williamson County court. The defendant is therefore absolutely immune from the plaintiff's claims.

**IV.     Conclusion**

The complaint is subject to dismissal on the grounds that the defendant is entitled to absolute prosecutorial immunity from suit. An appropriate order is filed herewith.

Todd Campbell
United States District Judge